# Miller, Appellant, v. The Pittsburgh Athletic Company.

*Public amusements—Failure to furnish tickets to World Series—Contracts—Licensee and licensor—Checks—Effect of deposit.*

In an action of assumpsit to recover damages for defendant's failure to furnish tickets of admission to World Series baseball games, it appeared that plaintiff sent his check in the sum of $66.00 to defendant and requested tickets of admission to the games. Defendant deposited the check. The orders for tickets, which far exceeded the supply, were filled by lot and plaintiff's number was not drawn until the supply was exhausted. Plaintiff was promptly notified that the tickets could not be provided and his money returned.

Under such circumstances defendant, by depositing plaintiff's check, did not become liable as a contractor for the delivery of the tickets.

It is well established that a ticket to a theatre or other private place of entertainment is revocable, and that the only remedy to one denied the use of the ticket by the management of the entertainment is an action to recover the money if there be no circumstances of assault or indignity apart from the mere use of the ticket.

Argued April 27, 1927. Appeal No. 115, April T., 1927, by plaintiff from order of C. P. Allegheny County, July Term, 1926, No. 3644, in the case of Harry I. Miller v. The Pittsburgh Athletic Company. Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

242  MILLER, Appel., *v.* PITTSBURGH ATHLETIC CO.

Petition for an appeal from the County Court. Before McKim, J.

The Court dismissed the petition. Plaintiff appealed.

*Error assigned,* among others, was the refusal of an appeal by the Common Pleas Court from the County Court.

*Harry I. Miller,* for appellant.

*L. M. Shoemaker,* and with him *George L. Eynon,* of *Shoemaker & Eynon,* for appellee.

Opinion by Henderson, J., July 8, 1927:

The plaintiff's action was tried in the county court of Allegheny County and a verdict for $66 was rendered in his favor. Afterward he applied to the Court of Common Pleas for leave to appeal which application was refused. From that refusal we have this appeal. The action was assumpsit for damages for the failure by the defendant to furnish tickets of admission to the World Series baseball games of 1925 to be held at the Pittsburgh Athletic Company's park. The plaintiff sent his check by mail to the defendant for the sum of $66 and requested the delivery to him of twelve tickets of admission to the games to be held in October. The check was deposited by the defendant and on October 2 he was notified that the tickets could not be furnished and a check of the defendant for $66 was the same day sent to the plaintiff by mail. The tickets were sold in conformity to a notice in the public journals of the city that inasmuch as the bulk of the orders would be received the first day or two following the announcement of their sale, it would be impossible to fill orders according to date received; wherefore all orders were to be filled as drawn by lot and no atten-

tion was to be paid to requests for specific locations. Notice was also given that for obvious reasons no applications for tickets would be acknowledged or answered. The evidence in the trial court showed that the defendant received approximately 28,000 orders for tickets the first day, of which about 5,500 were filled, the remainder being refused because of lack of accommodation. In the drawing by lot from the orders the plaintiff's number was 5,745 and the orders drawn prior to that number exhausted the supply of tickets. When that fact was developed the plaintiff was promptly notified that the tickets could not be provided and that his money was therefore returned. The plaintiff's claim is that by depositing his check the defendant made itself liable as a contractor to deliver to him the number of tickets ordered and that by reason of its failure so to do, he is entitled to damages measured by the difference between the amount of money paid to the defendant and that which he was required to pay to some other person or persons for a like number of tickets which he bought on the street. The plaintiff, recognizing the general doctrine that the privilege granted by the delivery of a ticket of admission to a place of public amusement is a revocable license, contends that as the tickets were never issued the relation of licensor and licensee did not exist and that the contract set up did not contain a revocable element. We are unable however to accept the logic to which resort is had in support of the legal position. The advance notice with respect to the distribution of tickets gave information that the demand would exceed the supply, and that the allotments would be determined by lot. His request was not for specific places nor was the offer of the defendant to make an advance disposal of reservations. In the circumstances he was required to take his chance of being served. It was not important to the plaintiff or the defendant that

he send his check rather than money as an advance payment for the tickets. If cash had been sent and the money with that of other applicants deposited in a bank, such procedure would not have been an acceptance of the plaintiff's application. The funds of all of the thousands who desired tickets must be taken care of by the defendant pending the ascertainment of the names of those who had the good luck to secure seats by the method adopted by the company. The inference is a fair one from the evidence that the plaintiff understood that all comers could not be served. What the plaintiff got by the delivery of his check was the right to participate in the chance developed by the drawing. To say that the plaintiff is in a more favorable position resulting from the return of his money than he would have been in if after having received his tickets they were cancelled because of lack of room in the ball park is not a logical position. The utmost to which the plaintiff's tender entitled him was the privilege of securing tickets of admission to the games at the park, and we think he could not under the facts be considered as in a more favorable position than if he had actually received the tickets in accordance with his application, but these if delivered were revocable because licenses merely. The doctrine is well established that a ticket to a theatre or other private place of entertainment is revocable and that the only remedy to one denied the use of the ticket by the management of the entertainment is an action to recover the money if there be no circumstances of assault or indignity apart from the mere use of the ticket. Horney v. Nixson, 213 Pa. 20. It follows that the disposal of the case in the county court rested on a substantial basis and that the Court of Common Pleas committed no error in refusing an appeal.

The judgment is affirmed.